UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>YGRENE ENERGY FUND, INC.,<br><br>　　　　Defendant. | Case No. 2:22-cv-07864-SB-SK<br><br><br>ORDER DENYING DEFENDANT YGRENE ENERGY FUND INC.'S EX PARTE APPLICATION TO EXTEND DEADLINES [DKT. NO. 14] |

　　　The parties in this case stipulated to entry of judgment, and the Court entered judgment on November 15, 2022.  Dkt. No. 8.  The judgment was subsequently amended to attach as exhibits documents referenced therein.  Dkt. No. 9.  The judgment established a procedure for providing eligible consumers, whom Plaintiffs Federal Trade Commission and the People of the State of California allege Defendant Ygrene Energy Fund Inc. defrauded, with relief from liens Defendant placed on their homes.  Defendant has filed an ex parte application to extend deadlines for completing the process set forth in the judgment.  Dkt. No. 14.  Plaintiffs oppose the application.  Dkt. No. 19.

　　　The application is not procedurally proper.  This case was closed when judgment was entered, and Defendant has not sought to reopen the case.  To the extent Defendant seeks to alter the judgment, it must bring a properly noticed motion to reopen the case under Federal Rule of Civil Procedure 60.  *See Brown Jordan Int'l Inc. v. Boles*, 375 Fed. App'x 700, 701 (9th Cir. 2010) (a request for reopening following entry of judgment is properly characterized as a Rule 60 motion); *see also Solis v. Cuong Viet Do*, Case No. 10-cv-03823-LHK, 2019 WL 331292, at *1 (N.D. Cal. Jan. 25, 2019) (construing a motion to reopen a case following a party's default under a consent judgment as a Rule 60 motion).

　　　There are also serious questions about the propriety of filing an ex parte application.  Ex parte relief requires a showing that a party, through no fault of its own, will sustain irreparable injury without immediate relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995); *see also Azam v. Brown*, 714 Fed. App'x 663, 665 (9th Cir. 2017) (citing *Mission Power* for

2

the standard for ex parte relief). Defendant seeks to modify a deadline that it obtained through careful negotiation and agreement—and has filed its motion one week before the agreed-upon deadline. It is doubtful that ex parte relief would be warranted in this context.

       Accordingly, the application is DENIED.

IT IS SO ORDERED.

Date: May 16, 2023

                                            Stanley Blumenfeld, Jr.
                                          United States District Judge